Filed 5/20/25  P. v. Rodgers CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B338876 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA018758) |
| v. | |
| SHAUNTEE REMONE RODGERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph J. Burghardt, Judge.  Affirmed in part; dismissed in part.

Nancy Gaynor, under appointment by the Court of Appeal; Shauntee Remone Rodgers, in pro per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

In 1994, appellant Shauntee Remone Rodgers was involved in a drive-by shooting that left two people dead.  A jury convicted Rodgers, who was the driver of the vehicle, of two counts of first degree murder and two counts of attempted willful, deliberate, and premeditated murder.  In March 2024 the superior court denied Rodgers's petition for resentencing under Penal Code section 1172.6.[1]  In denying the petition, the court found Rodgers was ineligible for relief because the jury was only instructed on a direct aiding abetting theory that required Rodgers to have the intent to kill.  The court also denied Rodgers's request in his supplemental brief to be resentenced under section 1172.1.

We appointed counsel to represent Rodgers in this appeal.  After reviewing the record, Rodgers's appointed appellate counsel filed a brief that did not identify any arguable issues.  After independently reviewing the record and the contentions presented by Rodgers in his three-page supplemental brief, we have not identified any either.  Therefore, we affirm the order denying Rodgers's petition for resentencing under section 1172.6.  To the extent Rodgers is seeking relief under section 1172.1, that portion of his appeal is dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Rodgers's Conviction of First Degree Murder and Attempted Murder*

We described the factual background of this case in Rodgers's direct appeal.  (See *People v. Rodgers* (Feb. 28, 2000, B124266) [nonpub. opn.] (*Rodgers I*).) ~(Aug. mtn., p. 21)~ On June 10, 1994 Jose Tizcareno, Jose Alvarez, Rafael Compoy, and

---

[1]    Further statutory references are to the Penal Code.

2

Javier Lopez drove to an electronics store on Venice Boulevard to buy a pager. The men parked their car across the street from Venice High School. After making the purchase, the four men got back into the car. Tizcareno sat in the driver's seat; Alvarez sat behind him in the backseat; Compoy sat in the front passenger's seat; and Lopez sat in the back seat on the passenger's side. ~(Aug., p. 22)~

Around 11:00 a.m. Rodgers was driving a brown minivan down Venice Boulevard, with codefendant Kwamin Steward as a passenger. Rodgers made a U-turn and pulled up next to Tizcareno's car. Steward leaned out of the minivan and fired several shots at Tizcareno's car. ~(Aug., p. 22)~ Tizcareno and Alvarez died from the shooting. ~(CT 5-6)~

A jury convicted Rodgers of two counts of first degree murder (§ 187, subd. (a); counts 1 & 2) and two counts of attempted willful, deliberate, and premediated murder (§§ 187, subd. (a), 664; counts 3 & 4).[2] ~(Aug. pp. 23, 102-105)~ The jury found true the multiple-murder special circumstance allegation (§ 190.2, subd. (a)(3)). ~(Aug., p. 23, 102-103)~ As to all counts the jury found true that a principal was armed with a firearm (§ 12022, subd. (a)(1)), the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)), and the shootings took place within 1,000 feet of a school (§ 186.22, subd. (b)(2)). ~(Aug., pp. 23-24, 102-105)~ The trial court sentenced Rodgers to a state prison sentence of two terms of life without the possibility of parole, plus two life terms. ~(CT 13)~

---

[2] Rodgers was also convicted of one count of unlawful driving or taking a vehicle without the consent of the owner. (§ 10851, subd. (a); count 5.) ~(Aug., p. 106)~

We affirmed the judgment. (*Rodgers I, supra*, B124266.) ~(Aug., p. 27)~

B.    *Rodger's Petition for Resentencing Under Section 1172.6*

On February 18, 2022 Rodgers, representing himself, filed a form petition for resentencing under former section 1170.95, checking boxes on a form petition stating he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189 effective January 1, 2019. ~(CT 14)~ The superior court appointed counsel for Rodgers. ~(CT 27)~

The People filed a response arguing Rodgers was ineligible for relief because the jury was not instructed on felony murder or the natural and probable consequences doctrine, or any other theory of imputed malice.[3] ~(Aug., p. 17)~ Further, the jury was instructed with CALJIC No. 8.80.1 that it could find true the multiple-murder special circumstance allegation only if it found Rodgers was the actual killer or "with the intent to kill aided, abetted or assisted any actor in the commission of the murder in the first degree." ~(CT 24)~ The People submitted the jury instructions given at Rodgers's trial, our unpublished opinion in Rodgers's direct appeal, and the jury's verdict forms. ~(Aug., pp. 22-106)~

In his reply brief, Rodgers argued he was eligible for relief under section 1172.6 because the statute no longer limited relief to defendants convicted under the felony murder or the natural and probable consequences doctrine. ~(CT 32, 36)~ Rodgers also filed a supplemental brief in which he argued the superior court

---

[3]    We grant Rodgers's motion to augment the record to include the People's response. (Cal. Rules of Court, rules 8.155 and 8.340.)

4

now had discretion under section 1172.1 on its own motion to recall and resentence Rodgers. Rodgers argued that given the lack of sufficient evidence to convict Rodgers's codefendant, there was insufficient evidence to convict Rodgers. ~(CT 65-72)~

On March 5, 2024 the superior court denied Rodgers's petition without issuing an order to show cause. ~(CT 92)~ At the hearing the court stated it had reviewed the jury instructions, the jury's findings in the verdict, and the court file. ~(RT 3906)~ The court observed that the jury was instructed with CALJIC No. 8.11 on malice aforethought, which defined malice as being express or implied, and the court blacked out any reference to felony murder and the natural and probable consequences doctrine. ~(RT 3906-3907; see Aug. 67)~ Further, the jury was instructed only on direct aiding and abetting principles, and the multiple-murder special circumstance instruction required the jury to find Rodgers was the actual killer or that he acted with the intent to kill. ~(RT 3906-3908)~

The superior court added that it was not going to exercise its discretion to resentence Rodgers under section 1172.1 because "a defendant is not entitled to file a petition seeking relief from the court under this section," and the court was not required to respond to the petition. Rodgers timely appealed. ~(CT 93)~

## DISCUSSION

We appointed counsel to represent Rodgers on appeal from the denial of his postjudgment petition. After reviewing the record, appointed counsel did not identify any arguable issues and so informed this court. Appointed counsel advised Rodgers that she was filing a brief stating she was unable to find any

5

arguable issues and that Rodgers had a right to file a supplemental brief. ~(AOB 13)~ Appointed counsel also sent Rodgers a copy of the pleading as well as the transcripts of the record on appeal. ~(AOB 13)~

On April 11, 2025 we received a typed three-page supplemental brief from Rodgers. In his supplemental brief Rodgers argued he made a prima face showing for relief under section 1172.6 because under recent case law, "murder liability as an aider and abettor requires both a sufficient mens rea and a sufficient actus reus. A finding of intent to kill, viewed in isolation, establishes neither." ~(Supp., pp. 1, 3)~ Rodgers also asserted he was entitled to relief because his codefendant's motion for new trial under section "1181 was granted and he went on to be freed based on insufficient witness and/or evidence. The same witness/evidence that I too had. I don't understand how a judge can state evidence and/or witnesses are insufficient for one defendant but not the other." ~(Supp., p. 3)~

A.    *Applicable Law and Standard of Review*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019, eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule. (*People v. Patton* (2025) 17 Cal.5th 558; *People v. Curiel* (2023) 15 Cal.5th 443, 448-449 (*Curiel*); *People v. Strong* (2022) 13 Cal.5th 698, 707-708.) Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule as set forth in section 189, subdivision (e). (*Patton*, at p. 558;

6

*Curiel*, at p. 448.)  Section 189, subdivision (e), now requires the People to prove specific facts relating to the defendant's individual culpability: the defendant was the actual killer (§ 189, subd. (e)(1)); although not the actual killer, the defendant, with the intent to kill, aided or assisted in the commission of murder in the first degree (§ 189, subd. (e)(2)); or the defendant was a major participant in an underlying felony listed in section 189, subdivision (a), and acted with reckless indifference to human life as described in section 190.2, subdivision (d) (§ 189, subd. (e)(3)). (*Curiel*, at p. 448.)

Senate Bill No. 775 (2021-2022 Reg. Sess.), effective January 1, 2022, expanded the scope of potential relief by applying Senate Bill 1437's ameliorative changes to individuals convicted of attempted murder and voluntary manslaughter. (See § 1172.6, subd. (a).)  The legislation also extended relief to defendants convicted of murder under any "other theory under which malice is imputed to a person based solely on that person's participation in a crime."  (§ 1172.6, subd. (a), as amended by Stats. 2021, ch. 551, § 2; see *People v. Antonelli* (Apr. 24, 2025, S281599) ___ Cal.5th ___, 2025 Cal. LEXIS 2303, * 5.)

Section 1172.6 provides a procedure for an individual convicted of felony murder, or murder or attempted murder under the natural and probable consequences doctrine, to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if the individual could not have been convicted of murder under Senate Bill 1437's changes to sections 188 and 189.  (*Curiel, supra*, 15 Cal.5th at pp. 449-450; *People v. Strong, supra*, 13 Cal.5th at p. 708.)  If the petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief based on the

requirements of subdivision (a), the sentencing court, upon request, must appoint counsel to represent the petitioner. (§ 1172.6, subd. (b)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 962-963.)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, the sentencing court "looks beyond the face of the petition" to the record of conviction, which "'necessarily inform[s] the trial court's prima facie inquiry . . . , allowing the court to distinguish petitions with potential merit from those that are clearly meritless.'" (*People v. Patton, supra*, 17 Cal.5th at p. 563, quoting *People v. Lewis, supra*, 11 Cal.5th at p. 971.) However, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a [sentencing] court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972; accord, *Patton*, at p. 567 ["should a trial court encounter a material fact dispute, the court may not resolve that dispute at the prima facie stage"].) If the petitioner makes the requisite prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the challenged conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c) & (d)(1).)

We review de novo the superior court's denial of a petition for resentencing at the prima facie review stage, including its determination that the record of conviction establishes as a matter of law that the petitioner is not entitled to resentencing. (*People v. Jackson* (2025) 110 Cal.App.5th 128, 145; accord, *People v. Flores* (2023) 96 Cal.App.5th 1164, 1170.)

B.    *The Superior Court Properly Denied Rodgers's Petition for Resentencing Under Section 1172.6*

Rodgers contends that even if he was not convicted on a theory of felony murder or the natural and probable consequences doctrine, this does not alone establish at the prima facie review stage that he is ineligible for relief. ~(Supp. Br. 2)~ Rodgers is correct that he could still be eligible for resentencing if the jury instructions allowed him to be convicted on a now-invalid theory of imputed malice. ~(Aug. 75-76)~ They did not.  The trial court instructed the jury on murder with CALCRIM No. 8.10, which provided that to convict Rodgers of murder, the jury had to find "malice aforethought." ~(Aug. 66-67)~ Likewise, the court instructed the jury with CALJIC No. 8.66 on attempted murder that the perpetrator must harbor "express malice aforethought, namely, a specific intent to kill unlawfully another human being." ~(Aug. 79)~ Further, CALJIC No. 8.20 (for murder) and CALJIC No. 8.67 (for attempted murder) required for a finding that the murder or attempted murder was deliberate and premeditated that the defendant "have a clear, deliberate intent . . . to kill." ~(Aug. 68-69, 80-81)~ And, as the superior court noted, CALJIC No. 8.11 defined malice aforethought as express or implied malice, and blacked out any other theory of malice. ~(Aug. 67)

The instruction on direct aider and abettor liability under CALJIC No. 3.01 similarly provided that to hold Rodgers liable as an aider and abettor, the jury must find Rodgers acted "with knowledge of the unlawful purpose of the perpetrator" and "with the intent or purpose of committing or encouraging or facilitating the commission of the crime." ~(Aug. 59)~ Moreover, the trial court instructed the jury with CALJIC No. 8.80.1 that to find the special circumstance true, the jury must find the defendant was

9

either the actual killer, or "with the intent to kill aided, abetted, or assisted any actor in the commission of the murder in the first degree." (Brackets omitted.) ~(Aug. 74)~ Thus, the jury necessarily found with respect to Rodgers's convictions of first degree murder and attempted willful, deliberate, and premeditated murder that Rodgers had the intent to kill, whether as the actual killer or a direct aider and abettor.

Rodgers relies on *Curiel, supra*, 15 Cal.5th at page 461 for the proposition that "an intent to kill finding does not itself conclusively establish that a petitioner is ineligible for relief." ~(Supp. 2)~ However, in *Curiel*, the Supreme Court held the jury's finding on a gang-murder special circumstance that the defendant intended to kill did not establish the defendant was ineligible for resentencing as a matter of law under section 1172.6 where the jury had been instructed on the natural and probable consequences doctrine. (*Curiel*, at pp. 468-470.) Here, as discussed, the jury was not instructed on the natural and probable consequences doctrine, nor did the case involve a gang-murder special circumstance. Further, the trial court consistently instructed the jury that it had to find Rodgers intended to kill in order to find him guilty of murder or attempted murder, or to find true the multiple-murder special circumstance allegation.

Rodgers's reliance on *People v. Maldonado* (2023) 87 Cal.App.5th 1257 is likewise misplaced. ~(Supp. 2)~ There, the Court of Appeal concluded that under the trial court's instructions on aiding and abetting and lying-in-wait murder, the jury could have convicted the defendant of murder based on a theory of imputed malice, explaining, "the jury could have construed the instructions such that, 'to be guilty as an aider and

10

abettor of [lying-in-wait first degree] murder, appellant need only have intended to encourage the perpetrator's intentional act—in this case, [a surprise attack on the victim]—whether or not appellant intended to aid or encourage [the victim's] killing, and whether or not he personally knew of and disregarded the risk of such a killing.'" (*Id.* at p. 1266.) Here, the jury was not instructed on lying-in-wait murder or another instruction that allowed the jury to convict Rodgers based on imputed malice.

Finally, Rodgers argues the superior court should have resentenced him under section 1172.1 because it was inequitable for his codefendant Stewart to be freed without sufficient evidence, but not Rodgers.[4] ~(Supp. 3)~ Section 1172.1, subdivision (a)(1), provides authority for a court to resentence a defendant on the court's own motion within 120 days of the date of commitment or upon the recommendation of the Board of Parole Hearings or other specified entities. However, section 1172.1, subdivision (c), clarifies that "[a] defendant is not entitled to file a petition seeking relief from the court under this section." (See *People v. Faustinos* (2025) 109 Cal.App.5th 687, 695 ["The statute makes express that the defendant has no right to petition."].) Further, "[i]f a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (a)(1).) Because the defendant has no right to request resentencing under section 1172.1 in the first place, "an appeal from an order acting on [a defendant's] petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial

---

[4] Rodgers does not cite section 1172.1 in his supplemental brief, but we assume his request was under this section, as it was in the superior court.

11

rights." (*Faustinos*, at p. 696.) We therefore "lack authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1." (*Ibid*.)

Because neither Rodgers nor his appellate counsel has identified a cognizable legal issue, and our independent review has not identified one either, the order denying his petition under section 1172.6 for resentencing is affirmed. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.) To the extent Rodgers is appealing the denial of his petition for resentencing under section 1172.1, the appeal is dismissed.

## DISPOSITION

The order denying Rodgers's petition for resentencing under section 1172.6 is affirmed. Rodger's appeal of the order denying his request for resentencing under section 1172.1 is dismissed.

FEUER, J.

We concur:

MARTINEZ, P. J.          SEGAL, J.

12